The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn, II. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
The parties submitted a Pre-Trial Agreement at the hearing. The same along with its attachments is incorporated herein by reference. The following parts of the said agreement is set out as follows:
1. That all the parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter herein. The parties are subject to and bound by the provision of the North Carolina Workers' Compensation Act.
2. That at all relevant times herein there existed between the plaintiff and defendant-employer the relationship of employer-employee.
3. That North Carolina Commerce Fund was the workers' compensation carrier on risk at all relevant times herein, and Riscorp, Inc. was administering the plan for the carrier.
4. The issues to be determined are as follows:
 1. Whether plaintiff suffered a compensable occupational disease?
2. If so, to what benefits is he entitled?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was fifty-one years old at the time of this hearing. Plaintiff has completed high school and he did an apprenticeship as an electrician.
2. Plaintiff started working for defendant in 1979, as a lead man and he was later promoted to supervisor. Plaintiff worked an average of ten hours per day; he would perform supervision duties for four hours and manual work for six hours.
3. A part of defendant-employer's business was removing and/or installing equipment for various businesses or industries. Plaintiff was a member of one of the crews that removed and installed equipment.
4. Plaintiff used different kinds of tools to perform his job. The tools he used included power saws, hammers, power drills, screwdrivers, wrenches, pliers, wire strippers and other hand and power tools. Plaintiff is right handed and used most of the tools with his right hand. Sometimes plaintiff would use only his hands to do part of the jobs because the area in which he was working was too small for any tools to be used.
5. Plaintiff and his crew removed equipment from buildings and to do so they had to cut pipes and disconnect wires. Then they would install the new equipment. The installation of the new equipment required them to place the new piece of equipment in the proper location, anchor and level it, and then connect the required wiring and pipe. The size and complexity of the piece of equipment determined the number of connections that had to be made. The number of electrical connections ranged from a few to over 800.
6. In late 1993 and early 1994, plaintiff was working on a job at R. J. Reynolds. This job had 800 wires to be terminated. Termination of a wire is when the wire has been connected to the delivery point. In order to terminate a wire, pulled the wire through the conduit. After the wiring had been installed to the point of termination, plaintiff would then have to strip the wire and connect the exposed metal to the point of termination.
7. Plaintiff started to have pain and numbness in his right hand, wrist and arm while working on the R. J. Reynolds job. Although plaintiff experienced pain and numbness in his right hand and arm in the fall of 1993 and winter of 1994, plaintiff did not complain to any of his treating physicians of problems with his right hand until late September 1994.
8. Plaintiff's family doctor was Dr. Donald Henry Lomax. Dr. Lomax has been plaintiff's doctor for over 20 years. Dr. Lomax saw plaintiff on December 6, 1993 for complaints of leg pain, April 29, 1994 for leg pain, May 13, 1994 for leg pain, June 20, 1994 follow up on treatment for a stroke plaintiff suffered on June 11, 1994, August 12, 1994 for his leg pain and on September 6, 1994 for follow up on plaintiff's hypolipidemia.
9. Plaintiff's medical history includes him suffering from diabetes, heart disease, vascular disease, pancreatitis, high cholesterol, heart attacks and a stroke. Dr. Lomax indicated during his deposition that plaintiff had complained to him about pain and numbness in his right hand, wrist and arm but he had attributed it to the other medical problems plaintiff was suffering from and did not attribute it to plaintiff possibly having carpal tunnel syndrome or ulnar nerve entrapment.
10. Dr. Lomax was of the opinion that plaintiff's job was one which could cause an individual to suffer carpal tunnel syndrome. Drs. William T. Mason and Stephen J. Naso Jr. agreed with this opinion. Drs. Lomax and Mason were of the opinion that plaintiff's job was the cause of his carpal tunnel syndrome and ulnar nerve entrapment. Dr. Naso was of the opinion that plaintiff's carpal tunnel syndrome and ulnar nerve entrapment did not result from his work but was the result of the other medical conditions from which plaintiff suffered. When asked whether plaintiff's job placed him at a higher risk than the general public of developing carpal tunnel syndrome and ulnar nerve entrapment Dr. Lomax said yes, Dr. Mason said that he could not say.
11. Greater weight is given to the opinion of Dr. Naso, that plaintiff's condition of carpal tunnel and ulnar nerve entrapment did not result from his work because he is an orthopaedic surgeon with a concentration in hand surgery and Dr. Lomax is a family doctor.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not develop an occupational disease as a result of his employment with defendant-employer.
2. The condition for which plaintiff is attempting to recover compensation is not related to his employment with the defendant-employer.
3. Plaintiff has failed to establish by the greater weight of the evidence that he developed an occupational disease as a result of his employment with defendant-employer.
4. Plaintiff is not entitled to recover any workers' compensation benefits in this matter.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for benefits under the Workers' Compensation Act must under the law be and the same is hereby DENIED.
2. Each side shall pay its own costs.
This the _____ day of July 1998.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ LAURA KRANIFIELD MAVRETIC COMMISSIONER
S/ _______________________ RENÉE C. RIGGSBEE COMMISSIONER
TJB/cnp/db